# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| ROLAND TIREY,<br><br>    Plaintiff,<br><br>vs.<br><br>KEN MARTHALLER, et al.,<br><br>    Defendants. | Cause No. CV 10-00055-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

Mr. Tirey filed his Complaint on December 6, 2010. (C.D. 2). On January 18, 2011, this Court recommended that the claims against Defendants Steyh, Studeny, and Saville and all claims regarding violations of prison policies, for denial of grievances, for review of disciplinary reports, all monetary claims against Defendants in their official capacities, and all claims for declaratory judgment be dismissed as the defects found in those claims could not be cured by the allegation of additional facts. Mr. Tirey's access to the courts claims also failed to state a claim upon which relief may be granted, but the defects in those claims could potentially be cured by amendment. Mr. Tirey was given an opportunity to amend his access to the courts claims and on February 16, 2011 Mr. Tirey filed an

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS– CV-10-00055-H-DWM-RKS / PAGE 1

Amended Complaint.

After prescreening the Amended Complaint as prescribed by 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Court finds that Mr. Tirey's allegations of denial of access to the court still fails to state a claim upon which relief may be granted. This matter should be dismissed.

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a controversy over whether Defendants, acting under color of state law, violated Mr. Tirey's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983. Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

## II. DENIAL OF ACCESS TO COURTS CLAIMS

In his Amended Complaint, Mr. Tirey alleged when Defendants confiscated his legal books and "legal papers and evidence materials," it hindered his ability to

litigate two pending cases.

Mr. Tirey first claims he was denied access to the courts with regard to his direct appeal in the Montana Supreme Court of his probation revocation conviction. The Court has reviewed the Supreme Court's docket in that case as well as the Court's opinion first issued on December 30, 2010 and amended on February 9, 2011.[1] Based upon that review, it is clear Mr. Tirey was afforded all the access to the courts he was due because he was represented by counsel during that appeal. Access to adequate legal assistance is an example of a constitutionally acceptable method "to assure meaningful access to the courts." *Bounds v. Smith,* 430 U.S. 817, 830 (1977); *see also Lindguist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 855 (9th Cir. 1985).

Moreover, Mr. Tirey cannot show that the August 24, 2010 confiscation of his legal materials hindered his ability to pursue his legal claims. Mr. Tirey's appellant brief was filed in the Supreme Court on April14, 2010 and his reply brief was filed August 2, 2010. Thus, the briefing schedule was closed by the time Mr. Tirey's legal materials were taken. Therefore, Mr. Tirey cannot state a claim for

---

[1] A court may take judicial notice of its own as well as other courts' records. *See, e.g.*, *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *Zolg v. Kelly* (*In re Kelly*), 841 F.2d 908, 911 n.1 (9th Cir. 1988).

denial of access to the courts regarding his Montana Supreme Court appeal.

The second case in which Mr. Tirey claims he was denied access to the courts is a civil case pending in state district court for property damages against another party who, while Mr. Tirey was in prison, stole/destroyed his personal property.  (C.D. 9, p. 7, ¶ IV(A)(1)).  Mr. Tirey does not have a constitutional right to access the courts in such a case.  "[P]risoners have a right to access to the courts only in relation to direct appeals from the convictions for which they were incarcerated, habeas petitions, or civil rights actions challenging the conditions of their confinement."  *Lewis v. Casey*, 518 U.S. 343, 354-55, 116 S.Ct. 2174 (1996).  Mr. Tirey has no constitutional right to access the courts regarding a state civil claim for property damages and his access to the courts claims will be recommended for dismissal.

## III.  CONCLUSION

### A.  Leave to Amend

For the reasons set forth in the Court's Order of January 18, 2011 (C.D. 6), the Court recommends all claims regarding violations of prison policies, for denial of grievances, for review of disciplinary reports, all monetary claims against Defendants in their official capacities, and all claims for declaratory judgment be

dismissed. These are not defects which could be cured by the allegation of additional facts.

For the reasons set forth in this Order, the Court also recommends the dismissal of Mr. Tirey's denial of access to the courts claims. These are not defects which could be cured by the allegation of additional facts.

**B.     "Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated as a "strike" under this provision because Mr. Tirey's allegations fail to state a claim upon which relief may be granted.

**C. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or

finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 109 S.Ct. 1827 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Tirey has failed to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Tirey's Complaint and Amended Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk

of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Tirey's failure to state a claim.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Tirey may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 21st day of March, 2010.

     /s/ Keith Strong
Keith Strong
United States Magistrate Judge