

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ROLAND TIREY, | CV 10-55-M-DWM-RKS |
| Plaintiff, | |
| v. | ORDER |
| KEN MARTHALLER, et al., | |
| Defendants. | |

Plaintiff Roland Tirey, a state prisoner proceeding pro se, brought this action under 42 U.S.C. § 1983. In his original complaint, Tirey alleged his constitutional rights were violated through a series of cell searches. He claimed Defendants violated prison policies, improperly denied his grievances and through the confiscation of his legal materials denied him access to the courts.

On January 18, 2011, Magistrate Judge Keith Strong issued an Order that found Tirey's Complaint failed to state a claim upon which relief could be granted.

1

He also found that the defects to Tirey's denial of access to the courts claims might be cured by amendment. Accordingly, Judge Strong granted Tirey leave to file an amended complaint so that he could plead "what type of case(s) he was litigating, what materials were taken, and how the denial of those materials resulted in injury to him." Order 11-12 (dkt #6).

On February 16, 2011, Tirey filed an amended complaint. He alleged the confiscation of his legal books, papers and evidence hindered his ability to litigate two pending cases. The first concerned the direct appeal of his probation revocation conviction. The second involved a civil case in state district court for property damages.

Judge Strong issued Findings and Recommendation on March 21, 2011. He found there is no denial of access as to Tirey's direct appeal of his conviction because he was represented by counsel and the briefing schedule closed by the time of the alleged confiscation of his legal materials. As to the state civil action for property damages, Judge Strong found this does not implicate Tirey's constitutional rights because his right to access the courts only applies to "direct appeals from the convictions for which [he is] incarcerated, habeas petitions, or civil rights actions challenging the conditions of [his] confinement." Lewis v. Casey, 518 U.S. 343, 354-55 (1996). Based on these findings plus those made in

the Order dated January 18, 2011, Judge Strong recommended Tirey's Complaint and Amended Complaint be dismissed with prejudice for failure to state a claim.

Tirey timely objected to the Findings and Recommendation on April 5, 2011, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite Tirey's objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual background, it will not be restated here.

Tirey's first objection is that he has been working for two years on a 42 U.S.C. § 1983 action that has been impacted by the loss of his legal materials. The Court will not consider the objection because Tirey failed to make any mention of a frustrated § 1983 action in his Amended Complaint. See Marshall v. Chater, 75 F.3d 1421, 1427 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); see also Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988) ("Allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy to present a different theory to the district court would frustrate the purpose of the Magistrate Act."), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992), cert. denied, 507 U.S. 978 (1993). Regardless, even if the Court considered the objection,

Tirey has not shown how the loss of his legal materials prevented him from filing this unspecified § 1983 suit.

Tirey also makes a generic objection that the frustration of his two identified cases constitutes a denial of access to the courts. The Court agrees with Judge Strong's reasoning and conclusion that Tirey suffered no recognizable injury involving the appeal of his conviction, and any impact to his property damages case does not satisfy the injury requirement to sustain an access-to-courts claim. See Lewis, 518 U.S. 354-55.

I find no clear error in Judge Strong's remaining findings and recommendations.

Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #10) is adopted in full.

IT IS FURTHER ORDERED that

1. Tirey's Complaint and Amended Complaint are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court shall have the docket reflect that this dismissal counts

as a strike pursuant to 28 U.S.C. § 1915(g) based upon Tirey's failure to state a claim.

3. The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Dated this 18th day of April, 2011.

Donald W. Molloy, District Judge
United States District Court